## Mackie, Thompson, Tamm Corporation v. Capps.

(Decided May 10, 1929.)

W. A. BERRY for appellant.

C. A. WICKLIFFE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MCCANDLESS —Reversing.

While engaged in digging a sewage tunnel, or, more specifically, in lining a tunnel with planks overhead, a ledge of earth on which Frank Capps was standing gave way, and he fell across a jackscrew, fracturing his ribs and suffering other injuries. For the pain, suffering, and loss of time caused thereby he sued and recovered from his employer, the Mackie, Thompson, Tamm Corporation, the sum of $438. The company has entered a motion for an appeal.

Plaintiff's theory is that defendant failed to observe ordinary care in providing him a suitable place in which to perform his labor; while defendant insists that he was foreman of the crew with which he was working and thereby created the existing conditions, which if unsafe would impose no liability on it.

The work was being done in three shifts. Appellant was the lead man in one shift, and received 10 cents per hour extra by reason thereof. He had theretofore worked as a miner in fluor spar mines and claimed to be experienced in drilling tunnels and was employed as lead man for this purpose. Appellant insists that "lead man" is synonymous with boss or foreman, while appellee insists that there is no distinction between him and other laborers except he is to go before them in the digging. The evidence on this point is meager, but it does appear there were three shifts under the direction of one superintendent, who was only occasionally present and who laid out the work generally for them to follow, and that in his

absence the lead man was in charge of the work as it progressed. The duties were simple, and if the premises were rendered unsafe as the work progressed such condition was obvious and should have been obviated by the leader in charge. At any rate, if under such conditions he assisted in rendering the premises unsafe, he is precluded from a recovery for injuries caused thereby. Also, Capps testifies that he was standing on the ledge of earth at the edge of the tunnel; that it had been left for the purpose of putting planks overhead for tunnel lining, and even if he had not actually cut the ledge or directed it to be cut—that is, if it had been so cut by the preceding shift—it is clearly evident that he could have seen and known of its condition.

Wherefore an appeal is granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.